UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK HUTCHINSON,<br><br>                                  Plaintiff,<br><br>v.<br><br>SAN DIEGO SUPERIOR COURT, et als.,<br><br>                                  Defendants. | Case No.: 19-cv-59-GPC(NLS)<br><br>**ORDER:**<br><br>**1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS, [Dkt. No. 2];**<br><br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM; AND**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL, [Dkt. No. 3],** |

On January 10, 2018, Plaintiff Erik Hutchinson, proceeding *pro se*, filed a

1

19-cv-59-GPC(NLS)

complaint[1] against the San Diego Superior Court, state court judges, Family Court Services, a mediator for Family Court Services, opposing counsel and individual parties involved in his family court proceedings which began on March 6, 2012 and resulting in the loss of custody of his now seven year old daughter on May 9, 2018. (Dkt. No. 1, Compl.) Plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and alleges violations of his civil rights, his seven year old daughter and two year old son's civil rights, fraud, and conspiracy to commit offense and to defraud the court. (Id. at 1, 33.[2]) He also filed a motion to proceed in forma pauperis and motion for appointment of counsel. (Dkt. Nos. 2, 3.) Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed in forma pauperis, *sua sponte* DISMISSES the action for failure to state a claim and DENIES the request for appointment of counsel.

**A.  Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007); Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1).

Here, Plaintiff submitted an affidavit reporting that he expected $500 of income

---

[1] Pursuant to the Court's Electronic Case Filing Administrative Policies and Procedures Manual, a party "must refrain from including, or must partially redact where inclusion is necessary" any social security numbers; names of minor children but if minor children needs to be mentioned, only the initials of the child should be used; dates of birth; financial account numbers; and home addresses. See Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual § 1(h) (2018). Because the Complaint contained confidential information of the defendants' home addresses and minor children's names, as well as an attachment marked "confidential report," (Dtk. No. 1 at 115), on January 15, 2019, the Court issued an order sealing the Complaint. (Dkt. No. 4.)

[2] Page numbers are based on the CM/ECF pagination.

next month but indicated he has not had any income in the past 12 months. (Dkt. No. 2 at 1-2.) He did not fill out his employment history for the past two years and whether he has cash as well as has any bank accounts. (Id. at 2.) He asserts he owns a 2007 Ford Truck valued around $2,500.00. (Id. at 3.) It does not appear that Plaintiff has any other assets nor has any debts. (Id.) He has expenses of around $4,135.00 per month. (Id. at 4-5.) Because the IFP form is not completely filled out, the Court is unable to determine whether he is able to afford the filing fee. Thus, the Court DENIES Plaintiff's motion for leave to proceed IFP.

**B.     Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000). § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). Lopez, 203 F.3d at 1127.

Under Federal Rule of Civil Procedure ("Rule") 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

In the Complaint, Plaintiff alleges due process claims against Superior Court Judges Brad Weinreb, Gregory Pollack, Harry Pawazek, and Cynthia Freeland arguing they violated his civil rights based on their rulings during family court proceedings. The defendant state court judges presided over the family court proceedings in Plaintiff's cases.[3] (Dkt. No. 1, Compl. ¶¶ 21-35.) He alleges that they knowingly, willfully and maliciously conspired to commit fraud on the court depriving him of due process. (Id. ¶ 1.)

It is well established in common law that judges are immune from liability "for acts committed within their judicial jurisdiction." Cleavinger v. Saxner, 474 U.S. 193, 199 (1985). The immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Id. (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1872)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); see also

---

[3] It appears Plaintiff was involved in a custody proceeding with Jamie Press concerning his daughter as well as a separate divorce and custody proceeding with his ex-wife Melanie Hutchinson which were subsequently consolidated. (Dkt. No. 1, Compl. ¶¶ 52, 77-81.)

Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity."). "A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." Schucker, 846 F.2d at 1204 (citations omitted).

Here, the Complaint challenges the rulings made by the state court judges, and therefore, they are protected by judicial immunity as they were fulfilling their judicial role presiding over family court matters. Thus, Plaintiff's Complaint is subject to dismissal *sua sponte* for failing to state a claim upon which § 1983 can be granted. See Mainez v. Gore, No. 3:17-CV-01359-JAH-JLB, 2017 WL 4005269, at *5 (S.D. Cal. Sept. 11, 2017) (finding § 1983 claims for monetary damages against Superior Court Judge subject to *sua sponte* dismissal); 28 U.S.C. § 1915(e)(2)(B)(iii) (court must dismiss an action "at any time" if it "seeks monetary relief from a defendant who is immune from such relief."). Therefore, leave to amend is denied. See Lopez, 203 F.3d at 1130.

Plaintiff has also named the San Diego County Superior Court – North County as a defendant. The Eleventh Amendment to the U.S. Constitution bars federal courts from hearing suits brought by private citizens against state governments unless the State has waived its immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (suit against State and its Board of Corrections barred by Eleventh Amendment absent State's consent to suit). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]" Brown v. California Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)). Moreover, a state is not a "person" within the meaning of 42 U.S.C. § 1983. Will, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.")

"[A] suit against the [California] Superior Court is a suit against the State, barred

by the eleventh amendment." Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987) superseded by statute on other grounds as stated in Alexis v. Cnty. of Los Angeles, 698 Fed. App'x 345, 345 (9th Cir. 2017); see also Simmons v. Sacramento Cnty. Super. Ct, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the Sacramento Superior Court (or its employees), because such suits are barred by the Eleventh Amendment.").

Here, Plaintiff's complaint against the San Diego Superior Court is barred by the Eleventh Amendment. Accordingly, the Court *sua sponte* DIMISSES the action against the San Diego County Superior Court for failing to state a claim upon which § 1983 relief can be granted. Therefore, leave to amend is denied. See Lopez, 203 F.3d at 1130.

Next, Plaintiff alleges claims against San Diego County Family Court Services ("FCS"), which is an entity of the Superior Court and Debbie Allen-Prescott ("Prescott"), in her capacity as a mediator for FCS. (Dkt. No. 1, Compl. ¶¶ 36, 40.) Plaintiff complains that the mediation that occurred between him and Jamie Press, the mother of his child, was the trigger for the high conflict custody dispute that ensued between them. (Id. ¶¶ 36-39.) Without specificity, he alleges that FCS and Prescott with co-conspirators Defendants Jamie Press and her attorney, Defendant Alexandra McIntosh, "purposefully knowingly, willfully, and maliciously conspired to commit Fraud on the Court, or Fraud." (Id. ¶ 39.) They have used the "judicial machinery" to violate Plaintiff's and his child's civil rights. (Id.)

Because FCS is a state entity, a suit against FCS is barred by the Eleventh Amendment. See Stone v. Stanislaus Cnty. Superior Ct., No. 14cv1639-TLN-SAB, 2015 WL 411227, at *4 (E.D. Cal. Jan. 30, 2015) ("The Superior Court and Family Court Services (as a department within the court system) are agencies of the state and as such are entitled to Eleventh Amendment immunity."); Karkanen v. Family Court Servs. of Contra Cnty., Case No. 17cv999-HSG, 2017 WL 2730227, at *2 (N.D. Cal. June 26, 2017) (suit against FCS, an entity of the Superior Court is barred by the Eleventh Amendment).

As to Prescott, judicial immunity also "extends to non-judicial officers for 'all claims relating to the exercise of judicial functions,'" as well as to non jurists "who perform functions closely associated with the judicial process." Curry v. Castillo, 297 F.3d 940, 947-48 (9th Cir. 2002) (citations omitted); see also Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."). In Mataele v. Nunn, Case No. 08cv1618-LAB(RBB), 2009 WL 10676459, at *5 (S.D. Cal. July 29, 2009), Prescott, the court mediator, was also named as a defendant and the district court found that she, as a court mediator for Family Court Services, was entitled to quasi-judicial immunity in her capacity as mediator for the San Diego County Superior Court. Id.; see also Simmons, 218 F.3d 1156 (9th Cir. 2003) (suits against a superior court and employees in charge of docketing and records are barred by the Eleventh Amendment.). Similarly, in this case, Plaintiff alleges claims against Prescott in her role as mediator for FCS, a state entity, and is protected by quasi-judicial immunity. Accordingly, the Court *sua sponte* DISMISSES the claim against FCS and Prescott for failing to state a claim. Thus, leave to amend is denied. See Lopez, 203 F.3d at 1130.

Finally, Plaintiff alleges § 1983 claims against individuals[4] and the McIntosh Law Firm, which represents the mother of his child, Jamie Press; Melanie Hutchinson, Plaintiff's ex-wife; and Ryan Press, Jamie's ex-husband. (Dkt. No. 1, Compl. ¶¶ 42-49.) Plaintiff's claims against these individual defendants and law firm fail to state a claim because they are private citizens and not acting under color of state law. See Tsao, 698 F.3d at 1138.

Accordingly, after a *sua sponte* review of the Complaint, the Court DISMISSES

---

[4] The individual named defendants are Jamie Press, the mother of his child; Melanie Hutchinson, Plaintiff's ex-wife; Ryan Press, Jamie's ex-husband; Kenneth Elliott, attorney for Melanie Hutchinson and Jamie Press; and Alexandra McIntish, attorney for Jamie Press, Melanie Hutchinson and Ryan Press. (Dkt. No. 1, Compl. ¶¶ 43, 50, 52, 73.)

the Complaint for failure to state a claim.

**C.    Request for Appointment of Counsel**

Plaintiff filed a form motion for appointment of counsel. (Dkt. No. 3.) However, he did not fill out the form motion to explain why he seeks appointment of counsel. (Id.) Based on Plaintiff's failure to provide any reasons for appointment of counsel, the Court DENIES his request.[5]

### Conclusion

In sum, the Court DENIES Plaintiff's motion to proceed in forma pauperis, *sua sponte* DISMISSES the complaint for failure to state a claim, and DENIES Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

Dated:  January 16, 2019

Hon. Gonzalo P. Curiel
United States District Judge

---

[5] The Court notes that Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Servs., 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).